# SUPREME JUDICIAL COURT

FOR THE

COUNTIES OF HAMPSHIRE, FRANKLIN, AND HAMP-
DEN, SEPTEMBER TERM 1853, AT NORTHAMPTON.

PRESENT.

Hon. LEMUEL SHAW, Chief Justice.
Hon. CHARLES A. DEWEY,
Hon. GEORGE T. BIGELOW,
Hon. BENJAMIN F. THOMAS, } Justices.
Hon. PLINY MERRICK,

---

Noah L. Strong *vs.* Phineas Strong.

On the trial of an action upon an award, where the only issue is upon the impar-
tiality and disinterestedness of one of the referees, an instruction to the jury,
that if they believe, upon all the evidence, that such referee was not disinter-
ested, or that he conducted himself with partiality to the plaintiff, the award
is void, is pertinent, and sufficient. The defendant has no right to single
out portions of the evidence, and ask the court to rule that if these be found
true, the award is bad.

Shaw, C. J. This case was formerly before the court, on
the exceptions of the defendant to a verdict for the plaintiff,
in a suit on a bond to abide an award of arbitrators. *Strong*

v. *Strong*, 9 Cush. 560. All the exceptions were overruled except one ; and the verdict was so far set aside as to permit the defendant to go to trial on a point stated in the fifth item of the answer, and which was not submitted to the jury. That fifth specification of defence was thus stated in the answer: 5. " Because Luther Edwards, one of the arbitrators, was not a disinterested person, and in making said award, conducted himself with partiality to the plaintiff."

This case has again been tried upon this issue, and a verdict returned for the plaintiff. It appears by the report in this case, that it was left to the jury upon all the evidence, with directions, that if they believed, on the evidence, that Edwards was not disinterested, or that he conducted himself with partiality to the plaintiff, the award was void, and they would so find; otherwise they would find for the plaintiff. These instructions were right, and we think sufficient. It was not competent for the defendant to single out particular passages in the proof, and require the court to direct, that if these were true, the jury must find for the defendant. They were circumstances proper for the jury to consider and weigh, in deciding the question of interestedness or partiality; but it was a mixed question of fact and law to be decided on all the evidence.

There are two particulars, at least, in which this case differs from the former :

1. In the former case, the question of the conduct of the arbitrator was not left to the jury, but the court directed authoritatively, that the acts testified of in that case, could not affect the award. The decision of the whole court was, that it was competent evidence to go to the jury, on the question of fact in issue.

2. In the former case there was evidence tending to show that the arbitrator was influenced by the consideration that he was selected by the plaintiff, and felt himself rather committed as the plaintiff's man. These were explicitly denied by the arbitrator in his testimony on this trial ; and it was for the jury to weigh the evidence and pass on the credit of witnesses.

It was certainly extremely reprehensible for the plaintiff to talk privately to the arbitrator before the award was made, on the matters in controversy between him and his father, which the arbitrators were judicially to act upon; but we are not disposed to say, that this circumstance alone, against any and all counteracting evidence, is sufficient proof of culpable partiality, to set aside the unanimous award of five arbitra· tors.　*Exceptions overruled, and judgment on the award.*

*C. Delano,* for the defendant.

*C. P. Huntington,* for the plaintiff.